PEARSON, MJ.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| ROBERT LEWIS ABNER, JR., | CASE NO. 5:08CV2338 |
| Petitioner, | JUDGE ECONOMUS |
| v. | MAGISTRATE JUDGE PEARSON |
| BRIAN COOK, WARDEN, | |
| Respondent. | **REPORT AND RECOMMENDATION** |

This Report and Recommendation responds to a *pro se* petition submitted by Robert Lewis Abner, Jr. for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his three grounds for relief, Abner alleges that he was denied effective assistance of counsel, the right to question state witnesses, and the right of confrontation.  ECF No. 1.  At the time of filing, Abner was incarcerated at Madison Correctional Institution in London, Ohio, serving a three-year sentence following his 2006 conviction for one count of gross sexual imposition.[1]  Respondent admits once having had custody of Abner and moves to dismiss Abner's Petition as time-barred.  ECF No. 7.  Abner maintains that his petition is timely.  ECF No. 11.

For the reasons that follow the undersigned Magistrate Judge recommends that Abner's

---

[1]  Abner has been released from Madison Correctional Institution and is serving a five-year term of post-release control.  Post-release control is a period of supervision by the Adult Parole Authority following release from imprisonment.  *See* http://www.drc.state.oh.us/web/PRC.htm. (Last checked December 4, 2009).  The undersigned will alternatively use the term "parole" to describe post-release control in this Report and Recommendation.

(5:08CV2338)

petition be dismissed in its entirety as time-barred.

## I.  Factual and Procedural Background

### A.  Facts of the Underlying Offense, Disposition of Charges, and Sentencing

The State appellate court's factual findings shall be presumed correct.  Petitioner has the

"burden of rebutting the presumption of correctness by clear and convincing evidence."  28

U.S.C. § 2254(e)(1).  The Stark County Court of Appeals, Fifth Appellate District, (also "State

Court of Appeals"), found the facts of the underlying offenses and trial to be as follows:

> [*P2] Appellant [Abner] formerly lived with Angela Hamilton, the mother of two
> minor children, one of whom was the five year-old female victim in this case. On
> August 8, 2005, Hamilton told police that the victim had indicated appellant had
> engaged in sexual contact with her on three occasions. The Stark County Department
> of Job and Family Services ("SCDJFS") thereupon commenced an abuse
> investigation.

> [*P3] On February 27, 2006, appellant was indicted on one count of gross sexual
> imposition, R.C. 2907.05 (A)(4), a felony of the third degree. The matter proceeded
> to a jury trial on May 22, 2006. During the State's case, SCDJFS caseworker Holly
> Steinbach testified as to a statement the victim made about appellant touching her.
> However, the trial court granted the State's motion in limine to exclude questioning
> about allegations the victim had made about a friend of appellant. The State later
> called Cassie Hornbeck, Ph.D., a psychologist at Northeast Ohio Behavioral Services.
> Hornbeck was permitted to testify as to the victim's statements to her about
> appellant. Furthermore, Donna Abbott, a nurse practitioner at Akron Children's
> Hospital, testified to her "diagnostic impression" that the child victim's "history was
> concerning for sexual abuse." Tr. at 173.

> [*P4] The jury found appellant guilty of gross sexual imposition as charged in the
> indictment. On May 26, 2006, appellant was sentenced to three years in prison and
> classified as a sexually-oriented offender.

ECF No. 7-2 at 94-95.

2

(5:08CV2338)

### B. State Post-Conviction Proceeding

On August 14, 2006, Abner filed a Petition to Vacate or Set Aside Judgment of Conviction or Sentence.  ECF No. 7-2 at 7.  On September 1, 2006, the State responded with a motion to dismiss.  ECF No. 7-2 at 10.  On September 15, 2006, the trial court dismissed Abner's state petition.  ECF No. 7-2 at 13.

### C. Direct Appeal

On June 26, 2006, through counsel, Abner timely filed a Notice of Appeal.  ECF No. 7-2 at 15.  On January 5, 2007, through counsel, Abner filed his appellate brief setting forth the following assignments of error:

> 1.  WHETHER THE TRIAL COURT ERRED IN ALLOWING TESTIMONY THAT DID NOT COMPLY WITH EVIDENCE RULE 807 AND/OR EVIDENCE RULE 803(4)?
>
> 2.  WHETHER THE TRIAL COURT ERRED IN NOT ALLOWING APPELLANT'S COUNSEL TO QUESTION STATES['] WITNESS REGARDING OTHER ALLEGATIONS MADE BY ALLEGED VICTIM?

ECF No. 7-2 at 14.  On June 18, 2007, the State Appellate Court affirmed the judgment of the trial court.  ECF No. 7-2 at 93.

On September 4, 2007, Abner filed a Motion for a Delayed Appeal to the Ohio Supreme Court.  ECF No 7-2 at 111.  On October 24, 2007, the Ohio Supreme Court denied Abner's motion.[2]  ECF No. 7-2 at 127.

---

[2]  Abner contends that the Supreme Court's denial was journalized on November 9, 2007 rather than October 24, 2007.  The Supreme Court of Ohio's docket, the actual order denying the appeal as well as Abner's own submission to this Court disprove his contention.  This matter is discussed further, below.

3

(5:08CV2338)

### D. **Federal Habeas Petition**

On October 2, 2008, Abner filed the instant *pro se* writ of habeas corpus petition setting

forth the following grounds for relief which are reprinted below as presented in the petition:

**GROUND ONE**: PETITIONER WAS DENIED THE RIGHT OF EFFECTIVE
ASSISTANT OF COUNSEL, WHICH VIOLATED SIXTH AMENDMENT
RIGHTS.

Supporting Facts: TRIAL COUNSEL ERRED PROCEEDING WITH TRIAL
AFTER PORTENTIAL [SIC] WITNESSES FAIL TO APPEAR AND TESTIFY.
TRIAL ERRED IN NOT QUESTIONING WITNESSES PRIOR TO TRIAL IN
ORDER PREPARE A DEFENSE. TRIAL COUNSEL ERRED IN NOT SERVING
A SUPOENA [SIC] TO THE ALLEGED VICTIM MOTHER AS REQUESTED BY
THE PETITIONER. APPELLANT COUNSEL ERRED IN NOT RAISING THESE
ISSUES WHILE ON APPEAL IN FIFTH APPELLATE COURT.

**GROUND TWO**: PETITIONER WAS DENIED THE RIGHT TO QUESTION
STATE WITNESSES REGARDING OTHER ALLEGATION MADE THE
ALLEGED VICTIM, WHICH VIOLATED HIS SIXTH & FOURTEEN
AMENDMENT RIGHTS

Supporting Facts: IN THE INSTANT CASE, ONE STATE WITNESS WAS
ALLOWED TO IDENTIFY PETITIONER & ANOTHER INDIVIDUAL DURING
A VOIR DIRE AS DEING [SIC] THE ALLEGED PERPETRATORS. THE STATE
FILE A MOTION TO EXCLUDE THE QUESTIONING OF WITNESSES
REGARDING THE NATURE OR THE OTHER ALLEGED INCIDENT. DURING
THE PETITIONER TRIAL, STATE WITNESSES WAS ALLOW TO IDENTIFY
THE PETITIONER AS BEING THE ONLY ALLEGED PERPETRATOR.

**GROUND THREE**: PETITIONER WAS DENIED THE RIGHT TO
CONFRONTATION WITNESSES WHEN THE TRIAL COURT ALLOW
HEARSAY TESTIMONY THAT DID NOT COMPLY WITH EVID.R. 807 & OR
EVID.R.803.4 FOURTHEEN [SIC] AMENDMENT.

Supporting Facts: THE TRIAL COUNSEL ERRED IN NOT CONDUCTING A
DEVER [SIC] VOIR DIRE TO DETERMINE IF THE ALLEGED VICTIM OUT
OF COURT STATEMENTS WERE INAPPROPRIATELY INFLUENCE BY
ANOTHER. DURING THE PETITIONER TRIAL INFORMATION DERIVE
FROM CROSS-EXAMINATION OF STATE WITNESS INDICATING THE OUT
OF COURT STATEMENTS WERE (COERED) [SIC] BY THE BIOLOGICAL

(5:08CV2338)

FATHER, WHO AT THE TIME WAS IN A CUSTODY DISPUTE WITH THE MOTHER.
ALSO SOCIAL WORKER WAS ALLOW TO REITERATE OUT OF COURT STATEMENT MADE BY THE ALLEGED VICTIM MOTHER, BOTH DECLARANTS [SIC] WAS "UNAVAILABLE" FOR TRIAL.

ECF No. 1.

## II.  Procedural Gateways for Federal Habeas Review

This case is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997).  AEDPA altered the standard of review that a federal court must apply when deciding whether to grant a writ of habeas corpus.  To permit federal judicial resources to focus on only the most compelling cases, a petitioner must successfully pass through several procedural gateways before qualifying for federal review.  As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."  532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).  Those gateways and their application to the instant petition are provided below.

### A.  Jurisdiction

Writs of habeas corpus may be granted by a district court within its respective jurisdiction:

Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

5

(5:08CV2338)

28 U.S.C. § 2241(a) & (d) (emphasis added).

As § 2241 makes clear, in order for a federal court to have subject matter jurisdiction over a habeas petition seeking review of a state prisoner's conviction, two prerequisites must be met. First, the petitioner must be in state custody at the time the habeas petition is filed. 28 U.S.C. § 2254(a). Second, the habeas petition must present a federal question, meaning, the prisoner must challenge the legality of the custody on the ground that it was imposed in "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3), 2254(a).

That Abner was convicted in the Court of Common Pleas, Stark County, Ohio within the Northern District of Ohio, alone, would typically be sufficient ground to award this Court jurisdiction over Abner's habeas petition.  In the instant case, however, there remains a question regarding jurisdiction because during the pendency of his petition, the State of Ohio released Abner from the Madison Correctional Institution on March 12, 2009.  Accordingly, the Court must determine whether Abner's release prior to the resolution of his federal petition caused the petition to become moot because he is no longer incarcerated and, therefore, no longer presents a case or controversy under Article III, § 2 of the Constitution.  Of importance in this analysis is that, upon release, Abner began serving a five-year term of parole.

## 1.  Although on Parole, Abner Meets the Custody Requirement

On May 25, 2006, Abner was incarcerated at Madison Correctional Institution where he served three years.  During his incarceration, Abner filed the instant habeas petition on October 3, 2008.  Subsequently, the State of Ohio released Abner to begin a five-year term of parole on March 12, 2009.

(5:08CV2338)

In *Jones v. Cunningham*, the Supreme Court held that a paroled prisoner was in the custody of his state parole board for the purposes of 28 U.S.C. § 2241.  371 U.S. 236, 243 (1963) ("While petitioner's parole releases him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom; this is enough to keep him in the 'custody' of the members of the Virginia Parole Board within the meaning of the habeas corpus statute . . . ."); *see Rosales-Garcia v. Holland, 322 F.3d 386, 394-95 (6th Cir. 2003) (en banc)*; *see also DePompei v. Ohio Adult Parole Auth., 999 F.2d 138, 140 (6th Cir.1993).*

Accordingly, the undersigned finds that despite Abner's parole, he meets the custody requirement for the purposes of his habeas petition.

### 2.  Case or Controversy

An inquiry into whether Abner's claim is moot due to his release does not end with the determination that he is technically "in custody."  In *Spencer v. Kemna*, the Supreme Court determined that a petitioner's release did not by itself moot his habeas petition; the Court explained that "[t]he more substantial question . . . is whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution." *Spencer, 523 U.S. at 7.*  "The parties must continue to have a personal stake in the outcome of the lawsuit.  This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (quotations and citations omitted).

In the instant matter, there is still a case or controversy because Abner is still "threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial

7

(5:08CV2338)

decision." *Id.*  Thus, a case or controversy, exists despite Abner's release.

Given that the case or controversy and custody requirements have been met, the Court has subject matter jurisdiction over the instant habeas petition.

### B. Statute of Limitations

The AEDPA statute of limitations for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date judgment became final.  28 U.S.C. § 2244(d)(1).

Abner filed his petition after the expiration of the one-year statute of limitations period. Because the statute of limitations was not tolled statutorily or equitably, as discussed below, Abner's petition, including each ground for relief therein, is time-barred and must be dismissed.

### C. Remaining Procedural Gateways

Because Abner's entire petition is time-barred, the undersigned notes, without full discussion, that Respondent does not claim nor has the Court independently found deficiencies regarding the remaining gateways of non-cognizability, exhaustion or procedural default.

### III. Analysis

### A. Abner's Grounds for Relief Should be Dismissed as Time-Barred

#### 1. Statute of Limitations, Generally

Under AEDPA, Congress enacted a one-year period of limitations for the filing of habeas petitions. The statute provides, in relevant part:

(d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

8

(5:08CV2338)

. . .

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

The United States Supreme Court has held that "direct review" includes the ninety-day period for seeking *certiorari*. *Penry v. Lynaugh*, 492 U.S. 302, 314 (1989). Thus, cases become final on direct review for purposes of § 2244(d)(1)(A) when *certiorari* is denied or time to file a *certiorari* petition expires. *Smith v. Bowersox*, 159 F.3d 345 (8th Cir. 1998); *Alexander v. Keane*, 991 F. Supp. 329, 334 n.2 (S.D.N.Y. 1998); *Hughes v. Irvin*, 967 F. Supp. 775, 778 (E.D.N.Y. 1997). Various federal courts, including those in Ohio, adopted a one-year "grace period," in order to allow habeas claims that accrued prior to April 24, 1996 (the effective date of the amendments to § 2244) to be filed. *See Brown v. O'Dea*, 187 F.3d 572, 576 (6th Cir. 1999).

The limitations period is tolled during the pendency of a "properly filed" application for state post-conviction relief or other collateral relief with respect to the pertinent judgment or claims. 28 U.S.C. §2244(d)(2). The tolling provision, however, does not revive the limitations period, it can only serve to pause a clock that has not yet expired. *Rachid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998); *Smith v. McGinnis*, 208 F.3d 13,16-17 (2nd Cir. 2000). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Webster v. Moore*, 199 F.3d 1256 (11th Cir. 2000); *Rachid v. Khulmann, supra*; *cf. United States ex. rel Gonzalez v. DeTella*, 6 F.Supp.2d 780, 782 (N.D. Ill. 1998); *Healy v. DiPaolo*, 981 F. Supp. 705, 706-07 (D. Mass. 1997).

9

(5:08CV2338)

## 2. Abner's Petition is Time-Barred

Respondent argues that Abner's petition was not timely filed within the one-year statute

of limitations established by AEDPA.  Respondent calculates:

> Abner allowed 33 days to elapse from the date his conviction became final because
> of the expiration of his 45-day time to appeal to the Ohio Supreme Court to the day
> he filed his motion for a delayed appeal.  Abner is entitled to a [statutory] tolling of
> the one-year statute of limitations for the period between the moment he filed his
> motion for a delayed appeal to the date his delayed appeal was denied by the Ohio
> Supreme Court.  The time begins to run anew when Abner's motion for a delayed
> appeal was denied by the Ohio Supreme Court.  Abner waited 344 days to file his
> habeas petition after his motion for a delayed appeal was denied.  344 plus 33 days
> exceeds the one year statute of limitations . . . .

ECF No. 7 at 11-12.

Abner contends that Respondent is using the wrong starting date for the AEDPA statute

of limitations to resume running after the denial of his delayed appeal.  According to Abner, the

appropriate starting date is the filing date that appears on the Stark County Clerk of Courts

criminal appearance docket: November 9, 2007.  ECF No. 11 at 4.  Abner calculates that the time

that elapsed between November 9, 2007 (date on Stark County Court docket) and October 3,

2008 (date federal habeas petition was filed) is 325 days.  ECF No. 11 at 6.  Abner further

calculates that even if the prior 33 days were added in, the total number of elapsed days would

add up to 358, a number of days well within the AEDPA one-year statute of limitations.  ECF

No. 11 at 6-7.

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year

limitations period is measured.  *See Dodd v. United States*, 545 U.S. 353, 357 (2005).  Under that

provision, the one-year limitations period runs from "the date on which the judgment became

10

(5:08CV2338)

final by the conclusion of direct review or the expiration of the time for seeking such review."

28 U.S.C. § 2244(d)(1)(A).

The procedural history of this case is  readily discernable from the record.  Abner's version of the procedural history is accurate until the date the Ohio Supreme Court denied, dismissed and entered final judgment on his motion for delayed appeal.  Abner conveniently contends the denial occurred on November 9, 2007.  The official record of the Ohio Supreme Court reports the denial on October 24, 2007.  The 26-day time-span between the October 24th and November 9th dates is significant because Abner narrowly misses the one-year cutoff when the correct – October 24th – date is used.  The November 9, 2007 date would make his petition timely.  Unfortunately, there is no exception for petitioners who narrowly miss the cutoff. Abner's petition was untimely, as explained below.

*Matters about which there is no discrepancy*:

On August 14, 2006, Abner filed a Petition to Vacate or Set Aside Judgment of Conviction or Sentence.

On September 15, 2006 the State Court of Appeals dismissed Abner's Petition.

On  June 26, 2006,  Abner filed a timely notice of appeal with the State Court of  Appeals.

On June 18, 2007, the State Court of Appeals affirmed the judgment of the trial court.

Abner had until August 2, 2007 to file an appeal to the Ohio Supreme Court, he did not do so.  On August 2, 2007, the AEDPA clock began to run.

11

(5:08CV2338)

Abner filed a motion for delayed appeal on September 4, 2007.[3]  At this point, 33 days of the AEDPA clock had already elapsed.

*The discrepancy begins here*:

Motion for Delayed Appeal filed with Ohio Supreme Court:

What the record reflects:
The Ohio Supreme Court denied Petitioner's motion for delayed appeal on October 24, 2007.  The matter was dismissed in that same ruling as reflected on the docket of the Ohio Supreme Court.  ECF No. 7-2 at 127.

Abner's contention:
In his petition, Abner identified October 24, 2007 as the date the Ohio Supreme Court dismissed his motion for delayed appeal.  ECF No. 1 at 2 (Question 9(g)(4)).  Later, in response to the motion to dismiss, Abner relied upon the later date of November 9, 2007, the date the Supreme Court's ruling was entered on the Stark County docket.  ECF No. 11 at 4.

Federal Writ of Habeas Corpus Petition:

What the record reflects:
Petitioner filed the instant federal habeas corpus petition on October 3, 2008.  The time that elapsed between October 24, 2007 (the date the Ohio Supreme Court entered final judgment) and October 3, 2008 is 345 days.  This total (345 days) plus the earlier lapsed 33 days equals 378 and exceeds the one-year or 365-day statute of limitations.

Abner's contention:
According to Abner's calculation, the time that elapsed between November 9, 2007 (the date the Abner contends final judgment was entered) and the October 3rd 2008 filing of his habeas petition was 325 days; that (325 days) plus 33 days equals 358, less than the 365-day or one-year statute of limitations.  ECF No. 11 at 4.  Abner's calculation is incorrect.  The undersigned finds that 329 days elapsed between November 9, 2007 and October 3, 2008, bringing the total days elapsed, including the 33 days, to 362.  Despite Abner's incorrect counting, as is Abner's point to be sure, if the November 9, 2007 date were used, the time elapsed, would be less than 365, making his petition timely.  Unfortunately,

---

[3]  This properly filed state post-conviction proceeding statutorily tolled the statute of limitations.  *See* 28 U.S.C. § 2244(d)(2).

12

(5:08CV2338)

November 9, 2007 is not a correct starting point.

Abner fundamentally misunderstands what is meant by "the date on which the judgment became final."  He argues that the November 9th date is the appropriate starting date for the statute to resume running because the Ohio Supreme Court's denial and dismissal of Abner's appeal were entered on the Stark County Clerk of Courts criminal docket on November 9, 2007. ECF No. 11 at 4; ECF No. 11-1 at 7.   Abner mistakenly relies on November 9 as a starting point.

"An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (*citing United States v. Lombardo*, 241 U.S. 73, 76 (1916) ("A paper is filed when it is delivered to the proper official and by him received and filed"); Blacks Law Dictionary**364 642 (7th ed.1999) (defining "file" as "[t]o deliver a legal document to the court clerk or record custodian for placement into the official record")).

The actual Ohio Supreme Court judgment entry has a filed date stamp of October 24, 2007.  *See* ECF No. 7-2 at 127.  Furthermore, the Ohio Supreme Court docket reflects that the Court's denial and dismissal of the appeal was entered on October 24, 2007.  *See* http://www.sconet.state.oh.us/Clerk/ecms/resultsbycasenumber.asp?type=3&year=2007&number =1655&myPage=searchbycasenumber%2Easp.  (Last checked December 2, 2009).

Although Stark County docketed the Ohio Supreme Court's decision several days after October 24th, the fact remains that the docket of the Ohio Supreme Court is the official record of that Court's activities.  And, that official record reflects that on October 24, 2007 the Ohio Supreme Court filed its denial, dismissal and final judgment of Abner's motion for delayed

13

(5:08CV2338)

appeal.

At the time he filed his petition, Abner, like the undersigned, recognized the official date as October 24, 2007.  It was October 24th and not November 9th that Abner answered (without qualification) in response to the question asking for the "[d]ate of result [of review by higher state court] (if you know)."  ECF No 1 at 2 (Question 9(g)(4)).

The undersigned finds that October 24, 2007 is the correct starting date for the statute of limitations to resume running, *i.e.* the date on which the judgment entry was issued and journalized on the Ohio Supreme Court's docket and a date that Abner knew and relied upon at least initially.  Accordingly, Abner's habeas petition was filed on the 378th day and beyond the one-year or 365-day statute of limitations and should be denied as untimely.

### 3.  Tolling

The statute of limitations can be stopped or tolled either statutorily or equitably.  Respondent has argued against equitable tolling and any further statutory tolling.  Abner seeks equitable tolling.

### a.  Statutory Tolling

As explained above, the statute of limitations is statutorily tolled while a "properly filed" state post-conviction or other collateral review proceeding is pending.  28 U.S.C. § 2244(d)(2).  Abner initiated two post-conviction proceedings that could arguably have caused statutory tolling – his motion for delayed appeal and an earlier filed petition to vacate or set aside judgment of conviction or sentence.  Both are discussed below.

There is no dispute that Abner's motion for delayed appeal filed on September 4, 2007

14

(5:08CV2338)

statutorily tolled the running of the statute of limitations. Such a motion for delayed appeal, even if granted, does not, however, completely *restart* the statute of limitations, but if properly filed, it does toll the statute during the time the motion was pending. *See, e.g., Searcy v. Carter,* 246 F.3d 515, 519 (6th Cir.2001) (holding that motions for delayed appeal toll the AEDPA statute of limitations under 28 U.S.C. § 2244(d)(2), but that such motions are not part of the direct appeal for the purposes of 28 U.S.C. § 2244(d)(1)). In this case, Abner's motion for delayed appeal tolled the statute of limitations after 33 days had already elapsed. The statute resumed running after the Supreme Court of Ohio denied the motion for delayed appeal, on October 24, 2007.

Respondent argues that Abner is not entitled to further statutory tolling due to the filing of his petition to vacate or set aside judgment because "Abner's petition to vacate or set aside the judgment of conviction in his case was not 'properly filed.'" He details that Abner's presentation of "purely legal assignments of error based exclusively on his transcript of trial while his direct appeal was pending" was not a proper avenue to seek post-conviction relief. ECF No. 7 at 10 (*citing Williams v. Brigano,* 238 F.3d 426 (6th Cir. 2000) (holding that the filing of state proceedings such as a state habeas petition that does not raise jurisdictional issues or a civil declaratory judgment action were not proper avenues for seeking state post-conviction relief and would not toll the running of the statute of limitations.)

In his Traverse under a section titled "Equitable Tolling," Abner responds that his petition to vacate or set aside judgment was "properly filed" and thus, tolls the statute of limitations. ECF No. 11 at 7.

The undersigned finds that (1) Abner's petition to vacate or set aside judgment (*i.e.* state

15

(5:08CV2338)

post-conviction petition) was filed August 14, 2006 and dismissed September 15, 2006, (2)

Abner initiated his direct appeal during June 2006[4] and received final adjudication in October

2007, and (3) the pendency of his direct appeal and petition to vacate or set aside judgment

overlapped. Even if Abner's petition to vacate or set aside judgment had been properly filed, it is

not possible that it could have tolled the AEDPA statute of limitations, because the petition to

vacate or set aside judgment was filed and dismissed while his direct appeal was still pending.

As a result, the calculation relied upon herein includes the only statutory tolling to which Abner

is entitled – that relative to the motion for delayed appeal which is discussed in great detail

above.

### b.  Equitable Tolling

#### 1.  Equitable Tolling, Generally

The United States Supreme Court has not yet decided whether the statute of limitations

for habeas actions is subject to equitable tolling. *Pace v. DeGuglielmo*, 544 U.S. 408, 418 n 8

(2005). The Supreme Court has ruled that, if equitable tolling is available in habeas challenges

to state court convictions, a litigant must show (1) that he has been pursuing his rights diligently

and (2) that some extraordinary circumstances stood in the way of timely filing. *Pace*, 544 U.S.

at 418. Federal appellate courts, including the Sixth Circuit, however, have determined that the

one-year limitations period is subject to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647,

653 (6th Cir. 2002).

In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit

---

[4] Abner filed his notice of appeal in June 2006; he filed his brief on January 5, 2007.

16

(5:08CV2338)

adopted a five-factor analysis to determine whether equitable tolling of the habeas limitations period is necessary.  *See Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988).  The factors which the Court is to consider are: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.  *Dunlap*, 250 F.3d at 1008.  "These factors 'are not necessarily comprehensive or always relevant; ultimately every court must consider an equitable tolling claim on a case-by-case basis.'"  *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005) (*quoting King v. Bell*, 378 F.3d 550, 553 (6th Cir. 2004)).  "In essence, the doctrine of equitable tolling allows federal courts to toll a statute of  limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control.'"  *Keenan*, 400 F.3d at 421.  The Sixth Circuit has repeatedly cautioned that equitable tolling should be granted "sparingly."  *Keenan*, 400 F.3d at 420 ("Equitable tolling is permissible under the [AEDPA], although rare.").  A petitioner has the burden of demonstrating that he is entitled to equitable tolling.  *Griffin*, 308 F.3d at 653.

Ignorance of the law, illiteracy, and lack of legal assistance do not amount to grounds for equitable tolling.  *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (*quoting Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991) ("Ignorance of the law alone is not sufficient to warrant equitable toling.")).  Although undecided by the Supreme Court, the Sixth Circuit has held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1).  *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005).

17

(5:08CV2338)

## 2.  **Equitably Tolling Does not Apply**

Respondent contends that Abner is not entitled to equitable tolling because Abner has failed to meet "his burden to demonstrate that he is entitled to equitable tolling."  ECF No. 7 at 12.

Abner did not address equitable tolling in his petition (ECF No.1), and in his Traverse reserved his arguments for later.  ECF No. 11 at 7.

After liberally construing the pleadings and conducting an analysis of the factors in *Pace* and *Andrews v. Orr,* the Court finds that Abner and the record before the Court have failed to establish any basis for equitable tolling.  Abner has not shown a lack of actual or constructive notice of the filing requirement, ignorance of the legal requirement for filing his claim or an absence of prejudice to Respondent.

Additionally, Abner has not proven that he has been "pursuing his rights diligently."  He did not timely file an appeal to the Ohio Supreme Court on direct appeal, and instead later filed a delayed appeal.  He waited over a year after receiving the denial from the Ohio Supreme Court to file the instant habeas petition, and did not pursue any other actions during that time. Furthermore, there is no other evidence in the record that demonstrates Abner's "diligence."  *See Dixon v. Ohio*, 81 Fed. Appx. 851, 853 (6th Cir. 2003)  ("Dixon has not demonstrated that he was unaware of the statute of limitations, or that he was diligent in pursuing his claims, when he allowed several months to go by before filing a delayed appeal, and allowed a full year to expire before filing this petition.").

Furthermore, Abner has not presented any extraordinary circumstances that prevented

18

(5:08CV2338)

him from timely filing his petition.  Rather, it appears that Abner's failure to timely file arose from circumstances within his control.  The circumstance a *pro se* petitioner is most likely to assert is a lack of knowledge of the law.  Although Abner does not explicitly make this claim, it is well established that ignorance of the law, among other excuses, is not an extraordinary circumstance that warrants equitable tolling.  *See Taravella v. Eberlin*, 2006 WL 39262 at *3 (S.D. Ohio Jan. 6, 2006) ("Even those not versed in the law recognize the centuries-old maxim that 'ignorance of the law is no excuse.'  This maxim, deeply embedded in our American legal tradition, reflects a presumption that citizens know the requirements of the law.  The benefits of such a presumption are manifest.  To allow an ignorance of the law excuse would encourage and reward indifference to the law. Further, the difficulty in proving a defendant's subjective knowledge of the law would hamper criminal prosecutions."); *see Fisher v. Johnson,* 174 F.3d 710, 714-15 (5th Cir.1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner generally does not excuse [late] filing."); *see also United States v. Baker*, 197 F.3d 211, 218 (6th Cir.1999); *Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir. 1991); *Montenegro v. U.S.*, 248 F.3d 585, 594 (7th Cir.2001)  (holding that equitable tolling is not justified by lack of response from attorney, language barrier, lack of legal knowledge, and transfer between prisons), *overruled on other grounds by Ashley v. United States*, 266 F.3d 671 (7th Cir.2001.).

         In sum, Abner has not proven any extraordinary circumstances sufficient to demonstrate an entitlement to equitable tolling.  Absent equitable tolling, Abner's petition is time-barred and should be dismissed as such.

(5:08CV2338)

## IV.  <u>Recommendation</u>

For the foregoing reasons, the Court recommends that Respondent's Motion to Dismiss

be GRANTED and that the Petition of Robert Lewis Abner be dismissed in its entirety with

prejudice.


                                      __/s/ *Benita Y. Pearson*_____

Dated: December 9, 2009                  United States Magistrate Judge


## <u>OBJECTIONS</u>

Objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).