# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **ROBERT L. ABNER, JR.,** | ) | **CASE NO. 5:08CV2338** |
| | ) | |
| Petitioner, | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| v. | ) | |
| | ) | |
| **BRIAN COOK, Warden,** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

This matter is before the Court upon a petition for a writ of habeas corpus filed by Robert L. Abner, Jr. ("Petitioner"), pursuant to 28 U.S.C. § 2254. (Dkt. # 1).

On November 20, 2008, this case was automatically referred to Magistrate Judge Benita Y. Pearson for preparation of a Report and Recommendation ("R&R"), pursuant to 28 U.S.C. § 636 and LR 72.2. Respondent filed a Motion to Dismiss the petition on March 5, 2009. (Dkt. # 7). On December 9, 2009, the Magistrate Judge issued an R&R, recommending that this Court grant the Motion to Dismiss and that the instant petition be dismissed in its entirety as untimely. (Dkt. # 12). Petitioner has timely filed objections to the Magistrate Judge's R&R. (Dkt. # 13). Respondent has filed a sur-reply to Petitioner's objections. (Dkt. # 14).

In his first objection to the Magistrate Judge's R&R, Petitioner argues that he is entitled to an evidentiary hearing. Petitioner briefly raised the issue of an evidentiary hearing in his initial § 2254 petition, writing "Petitioner respectfully request [sic] an evidentiary hearing on the grounds raised in this claim." (Dkt. # 1 at 13). However,

1

Petitioner did not supplement this request with any facts or authority, nor did he reiterate his request in his Response to Respondent's Motion to Dismiss. The First Circuit has held that an argument was waived when the only reference to the argument before the Magistrate Judge "occurred in a single sentence in its opposition memorandum, bereft of meaningful citation of authority." Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990 (1st Cir. 1988). See also United States v. Waters, 158 F.3d 933, 936 (6th Cir. 1998) (holding that issues raised for the first time in objections to the Magistrate Judge's R&R are waived). However, even if this Court were to find that Petitioner's previous request was sufficient to avoid waiver, the request fails on the merits.

Under 28 U.S.C. § 2254(e)(2), if a petitioner "has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim," unless the conditions in § 2254(e)(2)(A) & (B) can be met. The applicant must show *both*: (A) that the claim relies on a new rule of constitutional law made retroactive to collateral review cases or relies on a factual predicate that could not have been previously discovered through the exercise of due diligence, *and* (B) that "the facts underlying the claim would have been sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2). Petitioner asserts that he has a claim of actual innocence, but does not even attempt to show that his claim falls under § 2254(e)(2)(A). Therefore, Petitioner cannot proceed under § 2254(e)(2).

Petitioner also claims that because he was diligent in seeking a state evidentiary hearing, he has not failed to develop the factual basis of his claim, and so is not required to meet the strict standard of § 2254(e)(2). (Dkt. # 13 at 1). Petitioner is correct that this Court will not conclude that a petitioner has failed to develop the factual basis of his claim without a "lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." White v. Mitchell, 431 F.3d 517, 533 (6th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 420, 432 (2000)). However, "the fact that [petitioner] is not disqualified from receiving an evidentiary hearing under § 2254(e)(2) does not entitle him to one." Bowling v. Parker, 344 F.3d 487, 512 (6th Cir. 2003).

In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing would enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Ivory v. Jackson, 509 F.3d 284, 298 (6th Cir. 2007) (quoting Schriro v. Landrigan, 550 U.S. 465, 474 (2007). In the instant matter, as the Magistrate Judge correctly concluded that Petitioner's § 2254 petition is time-barred, Petitioner cannot prove any facts which would entitle him to federal habeas relief. See Payne v. Smith, 207 F. Supp. 2d 627, 642 (E.D. Mich. 2002) (concluding that an evidentiary hearing is unnecessary when Petitioner's habeas claims are otherwise barred). Therefore, Petitioner's first objection is overruled.

In Petitioner's second objection, he asserts that he is entitled to equitable tolling. "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The

Sixth Circuit uses a five factor test in analyzing equitable tolling claims: (1) lack of notice of the filing requirement, (2) lack of constructive knowledge of the filing requirement, (3) diligence in pursuing one's rights, (4) absence of prejudice to the defendant, and (5) a petitioner's reasonableness in remaining ignorant of the notice requirement.  Keenan v. Bagley, 400 F.3d 417, 421 (6th Cir. 2005) (citing Andrews v. Orr, 851 F.2d 146, 151 (6th Cir. 1988)).  However, equitable tolling relief should only be granted sparingly.  Cook v. Stegall, 295 F.3d 517, 521 (6th Cir. 2002).

The Magistrate Judge concluded that Petitioner was not entitled to equitable tolling because Petitioner cannot show any of the factors needed to establish that he has been pursuing his rights diligently or that extraordinary circumstances stood in his way.  (Dkt. # 12 at 18-19).  Based upon its review of the record and the applicable case law, this Court finds that the Magistrate Judge's decision is well-supported.

Petitioner also argues, however, that he is entitled to equitable tolling because he has maintained his innocence throughout the state court proceedings, and a claim of actual innocence may equitably toll the statute of limitations.  A credible showing of actual innocence may equitably toll the statute of limitations and "enable a court to reach the merits of an otherwise procedurally-barred habeas petition."  Souter v. Jones, 395 F.3d 577, 588 (6th Cir. 2005).  However, to be credible, an actual innocence claim must provide "new reliable evidence . . . that was not presented at trial," and "must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt."  McCray v. Vasbinder, 499 F.3d 568, 571 (6th Cir. 2007) (internal citations omitted).  Petitioner's mere assertion that he "has maintain [sic] his innocence

4

through out [sic] the state court proceeding," does not constitute a credible claim of actual innocence. (Dkt. # 13 at 3). Petitioner has not provided any facts to support his assertion, much less newly discovered reliable evidence that was not presented at trial. Therefore, Petitioner is not entitled to equitable tolling on the basis of a claim of actual innocence. Petitioner's second objection based upon equitable tolling is therefore overruled.

The Court has reviewed the Report and Recommendation of the Magistrate Judge *de novo*, and finds that it is well-supported. Petitioner's objections are without merit. Therefore, the Report and Recommendation of Magistrate Judge Pearson (Dkt. # 12) is hereby **ADOPTED**, and Respondent's Motion to Dismiss is **GRANTED**. (Dkt. # 7). Petitioner's petition for a writ of habeas corpus is dismissed in its entirety with prejudice.

**IT IS SO ORDERED**.

**/s/ Peter C. Economus – February 8, 2010**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**